Louis L. Friedman, J.
Plaintiffs pray that this court remove an action pending in the Municipal Court of the City of New York to this court. The circumstances are rather unusual and they will be discussed at some length because the court has been advised that in the event of a decision adverse to the respondent herein, the respondent intends to review the order to be entered herein by way of appeal.
On April 16, 1951, the female plaintiff was a passenger on the Brighton Beach subway train and according to her claim, was injured at the Church Avenue station of said line because of overcrowding. She asserts that because of the negligence of *919 the City of New York, the then owner and operator of the Brighton Beach subway system, she was pushed out of the train and then struck by a closing door as she was attempting to re-enter and that by reason of such incident, she sustained a fracture of the supramalleolar of the left fibula with lateral displacement of the ankle joint, a subluxation of the ankle and an oblique fracture of the lower end of the fibula and oblique fracture of the lateral malleolus with fragments. She was removed to the Coney Island Hospital where she remained from April 16 to April 23, 1951, and then transferred to the Jewish Hospital of Brooklyn, where she remained from April 23 to April 30, 1951. A closed reduction operation of the left ankle was performed on April 25, 1951, and as a result of her injuries, she is now suffering from a degeneration of and damage to the articular cartilage of the ankle joint, that her condition is progressive and that her injuries have incapacitated her to the present time. The moving papers further show that at the time of the accident, plaintiff [wife] was employed as a dress operator and was out of work for about a year, losing earnings of approximately $3,500. Her hospital and medical bills total approximately $510.50 and she alleges that her injuries are of sufficient severity so that she should be permitted to assert a claim for damages in the amount of $50,000 and another claim by her husband in the sum of $10,000. For that reason, she seeks to remove the action to this court.
It further appears from the papers before the court that the claim of these plaintiffs had previously been asserted in this court, at which time an action was commenced in their behalf by an attorney other than the one who now makes the present motion. That attorney’s name appears in the papers before the court and his affidavit is annexed in support of the present application. It seems to be undisputed that without conferring with the plaintiffs herein, the attorney neglected to take certain steps in the action and as a result of such neglect, when the attorney was faced with the possibility of a final dismissal, he entered into a stipulation transferring the action from this court to the Municipal Court. Plaintiff was unaware of this transfer, her consent was never asked for nor given, and it was only when she began to wonder about the length of time which elapsed before her case came to trial, and made inquiry with respect thereto through another attorney, that, the facts became known to her and she now makes the present application.
The previous attorney submits an affidavit in support of the plaintiffs’ application and he states very frankly that shortly following the receipt of defendant’s answer in the original *920 action, to wit, on May 6, 1953, “ due to personal problems and pressure of the office, I became physically and mentally disturbed and emotionally upset. The strain of personal problems seriously affected my law practice, and even though I appeared at my office a few days a week my practice suffered, and I could accomplish nothing when I did appear in my office.” The attorney further points out that when he received the motion to dismiss for lack of prosecution, he failed to appear in court on the adjourned date and that the motion was granted by default. His subsequent motion to vacate the default was heard by the court and when this previous attorney explained that he had been ill, the motion to vacate the default in appearing on the motion to dismiss was granted, and the original motion to dismiss was restored to the Motion Calendar and adjourned. The attorney then states that he signed a consent to remove the action to the Municipal Court. His affidavit further states: ‘ ‘ I was under a severe mental and physical strain at the time this motion appeared on the calendar, and I was in deadly fear of revealing my mental and physical condition to my clients, the Klinghoffers, and in my then state of mind I felt that the only way to salvage my clients’ case would be to consent to reducing the action to the Municipal Court. Prior to my executing the consent to remove the action from the Supreme Court, King County, to the Municipal Court, I requested, in desperation, that the representative of the defendant permit me to consent to remove the action to the City Court. This the representative of the defendant refused to permit me to do, advising me that the action would be dismissed if I did not consent to removing the ease to the Municipal Court. In my then state of mind, I was forced to consent to remove the action to the Municipal Court.” His affidavit further shows that within 11 days after signing the stipulation the attorney was admitted to the Mount Sinai Hospital suffering from mental and physical fatigue and remained there for some period of time. The attorney frankly states that the fault is his own, brought on by his mental and physical condition and made with the desire to keep from his clients the knowledge of the attorney’s neglect to take care of their lawsuit.
It is obvious on the basis of the hospital records, extracts of which are attached to the motion papers before the court, and the affidavit of the physician who sets forth plaintiff’s present physical deformity and the necessity for her walking with special shoes as a result of a 50% restriction of some motion of the ankle, that neither the Municipal Court nor the City Court would have jurisdiction to award her the amount of damages to *921 which she would be entitled, if she is entitled at all to recover by reason of the accident in which she was involved. Had this action originally been brought in the Municipal Court there would have been no problem before the court, for the motion papers would indicate of necessity the exercise of judicial discretion in transferring the action to this court. Respondent on this motion, however, urges that it has been prejudiced and has changed its position by reason of the signing of the stipulation of removal and respondent urges that because of its own change of position the court should now refuse to exercise any discretion in the matter.
The respondent’s position is not well taken. While this court cannot now decide what some other justice might have decided when the motion to dismiss originally came on to be heard, it appears obvious that the probable result of the motion to dismiss would have been a denial on condition that the action be forthwith placed upon the calendar, since sufficient legal reason existed for the exercise of the court’s discretion along those lines. Certainly, if a lawyer has neglected his clients’ interests and rights because of the lawyer’s serious mental and physical illness, the expiration of time itself without proof that other prejudice has resulted or that a litigant has otherwise been prejudiced by the delay would be a sufficient excuse and reason for overlooking the lack of prosecution. While our appellate courts have repeatedly held that Avithout adequate explanation a delay of three years justifies an order of dismissal, they have also held that a sufficient and proper excuse justifies overlooking the default. The court knows of no better excuse than illness of either an attorney or the clients whose rights were involved, and the clients certainly should not be prejudiced because of the occurrence of circumstances over which no one has any control.
The affidavit in opposition to the present application fails to indicate that respondent herein has lost any rights, that they have abandoned their defense in any way because of the reduction in the amount claimed or that they have been prejudiced or delayed in any other manner. Their claim that they lost their right to have an adjudication on the motion to dismiss is not compelling, since, had they desired to do so, they could have insisted on proceeding with the motion and in any event would probably have not succeeded thereupon, since the court had already indicated by its prior attitude on the motion to open the default on the motion to dismiss that plaintiff at that time was entitled to be heard.
*922 By reason of all the foregoing, and in the interests of justice, the court grants the present petition as prayed for. The interests of justice require that the court make a just determination herein, even though technical legal reasons may have to be sought to arrive at such just result.
Submit order removing the action and increasing the demand for damages as prayed for in the petition.